| Fill in this information to identify your case: | | | | |
|---|---|---|---|---|
| Debtor 1 | Kevin Joseph Greene | | | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 | | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |

United States Bankruptcy Court for the: District of South Carolina

Case number
(If known)

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification

☐ Post-confirmation modification

_____
_____
_____
_____

District of South Carolina
# Chapter 13 Plan

05/22

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ☒ Not included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☐ Included | ☒ Not included |

## Part 2: Plan Payments and Length of Plan

2.1 The debtor will pay the trustee as follows:

$1,000.00 per month for 12 months

$2,575.00 per month for 48 months

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court, unless otherwise ordered.

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

☐ The debtor will make payments pursuant to a payroll deduction order.

☒ The debtor will make payments directly to the trustee.

☐ Other (specify method of payment):_____

**2.3 Income tax refunds.**

☒ The debtor will retain any income tax refunds received during the plan term.

☐ The debtor will treat income tax refunds as follows:

**2.4 Additional payments.**

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### Part 3:    Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.   Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.  Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1 Maintenance of payments and cure or waiver of default, if any.**

☐ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ **3.1(a)** The debtor is not in default and will maintain the contractual payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed directly by the debtor.

| Name of Creditor | Collateral |
| --- | --- |
| Hidden Woods Property Owners' Association, Inc | House and lot located at 218 Berkshire Drive, Myrtle Beach, SC 29588 |

☐ **3.1(b)** The debtor is in default and will maintain the contractual payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed directly by the debtor. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

☐ **3.1(c)** The debtor will make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1.  In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

☐ **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

☐ **3.1(e) Other.**  A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

### 3.2 Request for valuation of security and modification of undersecured claims.

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

### 3.3 Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.

☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

### 3.4 Lien avoidance.

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

### 3.5 Surrender of collateral.

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

### 4.1 General

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees

Trustee's fees are governed by statute and may change during the course of the case.

### 4.3 Attorney's fees

a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $N/A and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $N/A or less.

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further modification of the plan.

☐ **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to _____ (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full.
b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.
c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

### 4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☐ The debtor estimates payments of less than 100% of claims.

☐ The debtor proposes payment of 100% of claims.

☒ The debtor proposes payment of 100% of claims plus interest at the rate of 5.25%.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.**

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor as stated below:**

*Check the applicable box:*

☒ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession and use of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor.

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☒ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9: Signature(s)

**9.1 Signatures of the debtor and the debtor's attorney**

✗ _/s/ Kevin Greene_  
Kevin Joseph Greene

Executed on 11/02/2022  
MM / DD / YYYY

✗ _/s/ Robert R. Meredith_  
Robert R. Meredith, Jr. DC ID #6152  
rm@meredithlawfirm.com  
Elizabeth R. Heilig, DC ID #10704  
eheilig@meredithlawfirm.com  
Meredith Law Firm, LLC  
Attorneys for Debtors  
4000 Faber Place Drive, Suite 120  
North Charleston, SC 29405  
(843) 529-9000 (p)  
(843) 529-9907 (f)

Date 11/02/2022  
MM/DD/YYYY

By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

IN RE:

Kevin Joseph Greene

DEBTOR.

CASE NO. 22-02999-eg

CHAPTER 13

**CERTIFICATE OF SERVICE**

The above-signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The specific list of names and addresses of parties served with this plan is attached to the plan filed with the Court.

**VIA US MAIL**
(see attached list)

**ELECTRONICALLY**
James M. Wyman, Esquire
Chapter 13 Trustee
PO Box 997
Mt. Pleasant, SC 29465-0997

Date: 11/4/22

Kristi Keen, Paralegal to
Robert R. Meredith, Jr., D.C. I.D. #06152
rm@meredithlawfirm.com
Elizabeth R. Heilig, D.C. I.D. #10704
eheilig@meredithlawfirm.com
Meredith Law Firm, LLC
Attorneys for Debtor
2411 North Oak Street, Suite 107
Myrtle Beach, SC 29577
843-445-6300
843-445-6304 (f)

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-2<br>Case 22-02999-eg<br>District of South Carolina<br>Charleston<br>Fri Nov  4 10:52:20 EDT 2022 | Barclays Bank Delaware<br>PO Box 8801<br>Wilmington, DE 19899-8801 | (p)JPMORGAN CHASE BANK N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 |
| Citibank<br>Centralized BK Dept<br>PO Box 790034<br>St. Louis, MO 63179-0034 | Discover Bank<br>PO Box 3025<br>New Albany, OH 43054-3025 | (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 |
| Kevin Joseph Greene<br>218 Berkshire Drive<br>Myrtle Beach, SC 29588-6734 | Elizabeth R. Heilig<br>Meredith Law Firm, LLC<br>4000 Faber Place Drive<br>Suite 120<br>North Charleston, SC 29405-8585 | Hidden Woods Property Owners' Associati<br>c/o RealManage<br>PO Box 30424<br>Tampa, FL 33630-3424 |
| Horry County Treasurer<br>PO Box 1828<br>Conway, SC 29528-1828 | (p)I C SYSTEM INC<br>LEGAL DEPARTMENT<br>PO BOX 64444<br>SAINT PAUL MN 55164-0444 | Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Meredith Law Firm, LLC<br>2411 North Oak Street<br>Suite 107<br>Myrtle Beach, SC 29577-3165 | (p)SOUTH CAROLINA DEPARTMENT OF REVENUE<br>OFFICE OF THE GENERAL COUNSEL - BANKRUPTCY SECTION<br>300A OUTLET POINTE BLVD<br>COLUMBIA SC 29210-5666 | State of California<br>PO Box 942867<br>Sacramento, CA 94267-0001 |
| Tidelands Health<br>Po Box 421718<br>Georgetown, SC 29442-4203 | TriVerity, Inc.<br>26263 Forest Blvd.<br>Wyoming, MN 55092-8033 | US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 |
| USBC America<br>355 S Grand Ave Ste 3200<br>Los Angeles, CA 90071-1591 | (p)USCB INC<br>ATTN ADMIN<br>355 S GRAND AVENUE<br>32ND FLOOR<br>LOS ANGELES CA 90071-1560 | Verizon Wireless Bankruptcy Administration<br>500 Technology Drive, Suite 550<br>Saint Charles, MO 63304-2225 |
| James M. Wyman<br>PO Box 997<br>Mount Pleasant, SC 29465-0997 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Chase Bank USA NA<br>Cardmember Services<br>PO Box 15298<br>Wilmington, DE 19850 | Elan Financial Service<br>PO Box 108<br>Saint Louis, MO 63166 | IC Systems<br>PO Box 64378<br>Saint Paul, MN 55164 |